United States District Court
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SHEYANNE BYRD,

                    Plaintiff,

          v.

CALIFORNIA SUPERIOR COURT,
COUNTY OF MARIN et al.,

                    Defendants.

_____/

No. C 08-04387 MHP

**MEMORANDUM & ORDER**

**Re: Defendants' Motions to Dismiss, or in the alternative, Motion for a More Definite Statement and Motion to Strike**

      Sheyanne Byrd ("plaintiff") brought this action against California Superior Court, County of Marin ("Superior Court"), and Toby Olsen, Irene Mariani, Frances Kennedy, Scott Beseda, Cheri Brannon, Sheri McConnell and Kim Turner ("individual defendants"), and Does 1-50, alleging a variety of employment discrimination and civil rights claims arising out of a employment termination process.  Superior Court and individual defendants now move to dismiss plaintiff's third, fifth, sixth, seventh, eighth, ninth, tenth, eleventh and thirteenth causes of action for failure to state a claim upon which relief may be granted.  In the alternative, defendants move for a more definite statement concerning some of the underlying facts and move to strike various factual contentions.  Having considered the arguments and submissions for the parties, the court enters the following memorandum and order.

BACKGROUND

      Plaintiff is a former employee of the Superior Court for the County of Marin.  First Amended Complaint ¶¶ 1, 42 ("Compl.").  Each of the individual defendants is a Superior Court employee who had supervisory responsibility over plaintiff.  Id. ¶¶ 5-20.  Plaintiff is an African-American

woman who suffers from physical and/or serious medical disabilities.  Id. ¶ 27.  Plaintiff was hired as a Court Processing Specialist I in approximately May 2005 and was eventually promoted to Court Processing Specialist II.  Id. ¶¶ 28, 29.

Beginning in early 2006, plaintiff's daughter developed a serious medical condition.  Id. ¶ 29.  Shortly thereafter, plaintiff experienced problems with her teeth that required surgery, as well as back, neck and shoulder pain and was later diagnosed with several ailments.  Id. ¶¶ 30-31.  Plaintiff used sick time to attend appointments for herself and her daughter, and was absent from work due to her own disability and medical conditions.  Id. ¶ 33.  Plaintiff alleges individual defendants began providing write-ups and negative performance evaluations of plaintiff, and eventually terminated her employment as a direct result of taking sick leave.  Id.  Defendants allegedly failed to adequately engage plaintiff in a good faith interactive process to provide reasonable accommodations and leave to take care of herself.  Id. ¶ 34-35.  Defendants, while initially honoring requests, began asking plaintiff to perform job duties that violated the requested accommodations for plaintiff's disabilities. Id.

Plaintiff made an internal complaint of harassment and discrimination and involved her union to help address the matter.  Id. ¶¶ 36-37.  When her union representative scheduled a meeting, plaintiff was not allowed to attend.  Id. ¶ 37.  Plaintiff alleges that after she made the internal complaint, the harassment, discrimination and retaliation worsened.  Id. ¶ 38.  Examples of this retaliation include receiving negative work evaluations; receiving verbal admonishment, criticism and harassment; having her use of sick leave interfered with; and being treated differently from others similarly situated and retaliated against for using sick leave.  Id.  Plaintiff alleges more generally that defendants engaged and continue to engage in a pattern and practice of discrimination, retaliation and harassment against plaintiff and other African-American employees with regard to their promotional opportunities, including harassment and retaliation based on race, as well as creating a hostile environment towards African-Americans.  Id. ¶ 39.

Plaintiff alleges that defendants engaged in a pattern and practice of interfering with, restraining and arbitrarily denying plaintiff's family medical leave rights.  Id. ¶ 40.  Examples of these violations include interfering with and misleading plaintiff about her rights under the Federal

Medical Leave Act ("FMLA") and the California Family Rights Act ("CFRA"). Id. Plaintiff also alleges that defendants changed its FMLA policy without any notice. Id.

Plaintiff further alleges that while she regularly reported this conduct to her supervisors, including individual defendants, defendants failed to adequately investigate these complaints and failed to take reasonable remedial action. Id. ¶ 41. On July 30, 2007, plaintiff was terminated.[1] Id. ¶ 42. The termination was allegedly conducted without any adequate or reasonable due process and was based on false, misleading and fabricated reasons. Id. The termination was also allegedly discriminatory and done in retaliation to plaintiff's earlier complaints of discrimination, harassment, retaliation and unequal treatment. Id.

On March 18, 2008, plaintiff filed a complaint of discrimination under the provisions of the California Fair Employment and Housing Act with the Department of Fair Employment and Housing ("DFEH"). See Request, Exh. A.[2] In that complaint, plaintiff alleges that on various dates, she was fired, harassed, denied transfer, denied accommodations and retaliated against for her race, national origin, physical disability and for participating in an investigation. Plaintiff further alleges that she suffered discrimination and adverse employment actions, and that the defendants failed to either investigate the claims or to prevent the actions from re-occurring. Also on March 18, 2008, plaintiff received notice that the complaint was closed so that she could file a civil case. See Request, Exh. B. The letter advised plaintiff that she has thirty days to file her complaint with the Equal Employment Opportunity Commission ("EEOC"). Id. On May 29, 2008, the EEOC advised Superior Court that a notice of discrimination had been filed. See Request, Exh. C.

Plaintiff's instant complaint brings thirteen causes of action against the Superior Court. Three of the thirteen causes of action are also being asserted against the seven individual defendants. The third, fifth, sixth, seventh, eighth, ninth, tenth, eleventh and thirteenth causes of action are the collective subject of defendants' motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim, or in the alternative, under Rule 12(e), for a more definite statement. Defendants also move under Rule 12(f) to strike various references made by plaintiff in her complaint.

<div style="text-align: left; writing-mode: vertical">**United States District Court**<br>For the Northern District of California</div>

1  LEGAL STANDARD

2  I.      Motion to Dismiss (Rule 12(b)(6))

3          A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "tests the legal

4  sufficiency of a claim."  Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001).  Because Rule

5  12(b)(6) focuses on the "sufficiency" of a claim rather than the claim's substantive merits, "a court

6  may [typically] look only at the face of the complaint to decide a motion to dismiss."  Van Buskirk

7  v. Cable News Network, Inc., 284 F.3d 977, 980 (9th Cir. 2002).  A motion to dismiss should be

8  granted if plaintiff fails to proffer "enough facts to state a claim to relief that is plausible on its face."

9  Bell Atl. Corp. v. Twombly, 550 U.S. 544, ----, 127 S. Ct. 1955, 1974 (2007).  Dismissal can be

10  based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a

11  cognizable legal theory.  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

12  Allegations of material fact are taken as true and construed in the light most favorable to the

13  nonmoving party.  Cahill v. Liberty Mutual Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996).  The court

14  need not, however, accept as true allegations that are conclusory, legal conclusions, unwarranted

15  deductions of fact or unreasonable inferences.  See Sprewell v. Golden State Warriors,

16  266 F.3d 979, 988 (9th Cir. 2001); Clegg v. Cult Awareness Network, 18 F.3d 752, 754-55 (9th Cir.

17  1994).  The Supreme Court this term expanded on Twombly, holding that the factual allegations

18  must be sufficient to allow the court "to draw a reasonable inference that the defendant is liable for

19  the misconduct alleged."  Ashcroft v. Iqbal, ___U.S.___, 129 S.Ct.. 1937, 1949 (2009).

20

21  DISCUSSION

22  I.      Motion to Dismiss (Rule 12(b)(6))

23          The court considers each of the causes of action defendants move to dismiss in separate and

24  sequential order.

25          A.      Failure to Engage in a Good Faith Interactive Process

26          The third cause of action, brought against the Superior Court, alleges a failure to engage in

27  the good faith interactive process in violation of California Government Code section 12940 et seq.

28  The Superior Court asserts that plaintiff's allegation must fail because plaintiff never alleged such a

1   violation in her DFEH complaint— plaintiff's DFEH claim only provides for generalized violations

2   of "harassment, discrimination, and retaliation" based on her race and disability.

3         In order to bring a claim in court, a plaintiff must exhaust her administrative remedies.  See

4   Cal. Govt. Code § 12960.  "It is sufficient that the [DFEH] be apprised, in general terms, of the

5   alleged discriminatory parties and the alleged discriminatory acts."  Sosa v. Hirakoa, 920 F.2d 1451,

6   1458 (9th Cir. 1990).  A civil claim meets this exhaustion requirement if it is "like or reasonably

7   related to" the administrative charge.  Id.  Put a different way, a claim meets this requirement if it is

8   within "the scope of the . . . investigation which can reasonably be expected to grow out of the

9   charge . . . ."  Okoli v. Lockheed Technical Operations Co., 36 Cal. App. 4th 1607, 1615 (1995)

10  (citation omitted).

11        Here, in addition to her charges of harassment, discrimination, and retaliation, plaintiff filed

12  a claim for failure to provide reasonable accommodation.  See Request, Exh. A.  Had an

13  investigatory body undertaken an investigation into this matter, the Superior Court's alleged failure

14  to engage in a good faith interactive process would likely have come to light, because any

15  investigation of failure to accommodate implies that there was a failure to engage in a good faith

16  interactive process.  See Ramirez v. Silgan, 2007 WL 1241829 at *5-6 (E.D. Cal. Apr. 26, 2007)

17  (finding that plaintiff's administrative complaint asserting that he was fired for a disability was

18  enough to allow claims for failure to accommodate and failure to engage in an interactive process

19  because investigator would have found that plaintiff desired to return to work but was fired anyway).

20  Accordingly, the court finds that plaintiff has exhausted her administrative remedies and the third

21  cause of action is properly before the court.  The Superior Court's motion to dismiss is **DENIED**.

22        B.      Title VII Violations

23        The fifth cause of action, brought against the Superior Court, alleges discrimination based on

24  race or national origin, in violation of California Government Code section 12940 and Title VII of

25  the Civil Rights Act of 1964, codified at 42 U.S.C. section 2000(e) et seq. ("Title VII").  The sixth

26  cause of action, brought against the Superior Court, alleges retaliation in violation of California

27  Government Code section 12940(h) and Title VII.  The seventh cause of action, brought against the

28

5

1  Superior Court, alleges failure to prevent harassment and discrimination, in violation of California

2  Government Code section 12940(k) and Title VII.

3          The Superior Court argues that these three causes of action should be dismissed because

4  plaintiff failed to properly file a claim with the EEOC within the thirty-day window after plaintiff's

5  DFEH claim was closed.  Defendant cites the Notice of Charge of Discrimination served upon the

6  Superior Court on May 29, 2008, as proof of this oversight. See Request, Exh. C.

7          Defendant ignores the fact that California is a deferral state and, therefore, filing with the

8  DFEH constitutes constructive cross-filing with the EEOC either upon the expiration of sixty days or

9  the termination of agency proceedings.  See, e.g., EEOC v. Dinuba Medical Clinic, 222 F.3d 580,

10 585 (9th Cir. 2000) (noting that "a charge initially filed with a state agency will be treated as

11 constructively filed with the EEOC upon either the expiration of sixty days or the termination of

12 agency proceedings, whichever occurs first"); Laquaglia v. Rio Hotel & Casino, Inc., 186 F.3d 1172,

13 1175 (9th Cir. 1999).  In an effort to cut down on duplicative efforts, a document filed with a

14 designated Fair Employment Practices ("FEP") agency is deemed filed with the EEOC when the

15 FEP agency terminates its proceedings, if the charging party requests that the document be filed with

16 the EEOC.  29 C.F.R. § 1601.13(b).  The DFEH is a designated FEP agency.  29 C.F.R. § 1601.80.

17 A detailed, signed intake form is enough to initiate proceedings, even if the charging party fails to

18 "check off" a box indicating a desire to forward it to the EEOC.  See, e.g., Laquaglia, 186 F.3d at

19 1175; Casavantes v. Cal. State Univ., 732 F.2d 1441, 1442-43 (9th Cir. 1984).

20         Plaintiff's form filed with the DFEH is accompanied by an additional statement titled

21 "DFEH/EEOC complaint attachment".  See Request, Exhs. A, C.  It is clear that the deferral process

22 worked since a Notice of Charge of Discrimination accompanied by the DFEH complaint and

23 attachment were sent to the Superior court dated May 29, 2998.  See id.  Absent any evidence to the

24 contrary, the court is satisfied that the DFEH complaint was constructively filed with the EEOC on

25 March 18, 2008.  That the defendant did not receive notice until it was served with the Notice and

26 accompanying documents 72 days later, "is of no moment because the constructive filing date is the

27 relevant one." Dinuba, 222 F.3d at 585.  It is the filing date or constructive filing date with the

28

United States District Court
For the Northern District of California

agency that is derminative of timely filing, not the date defendant receives notice.  The Title VII

claims were timely filed with the EEOC.

One critical matter that is not clear is whether plaintiff received a right-to-sue letter which, if

received, should have been filed with her complaint in this court.  Failure to obtain a right-to-sue

letter does not preclude federal jurisdiction, however, it is a prerequisite to suit which may be

waived, satisfied by the notice of a right-to-sue letter issued by the state, or by certain equitable

considerations.  See, e.g., Surrell v. California Water Service Co., 518 F.3d 1097, 1105 (9th cir.

2008).  Since the complaint fails to make the requisite allegation and there is nothing else in the

record referring to the right-to-sue letter, except Exhibit B to defendant's request for judicial notice,

the court cannot determine whether this requirement has been satisfied.  Accordingly, plaintiff shall

file within ten (10) days of this order a statement as to how this requirement is satisfied.  Defendant

may respond only with respect to this issue within ten (10) days thereafter.  Or, the parties may

stipulate to the satisfaction of this prerequisite.  The Superior Court's motion to dismiss the Title VII

claims—plaintiff's fifth, sixth and seventh causes of action—is otherwise **DENIED**.

C.    Sections 1981, 1983 and 1985 Violations

The eighth cause of action, brought against all defendants, alleges violations of civil rights

laws, specifically 42 U.S.C. sections 1981, 1983 and 1985.  Plaintiff lumps all the defendants and all

the federal civil rights claims together in one claim, the eighth cause of action.   The individual

defendants present three separate arguments as to why plaintiff's alleged civil rights violations

should be dismissed against them.  The court examines each in turn.

(i).    "Persons" under sections 1983 and 1985

Plaintiff alleges that individual defendants incur liability because each was acting under

color of law.  Individual defendants first argue that they are not persons under sections 1983 and

1985,[3] because they are state officials and the only way they could be acting under color of law is if

they were acting in their official capacity.  In such capacity, defendants argue, they are not "persons"

for purposes of sections 1983 and 1985.  Thus, they contend they are entitled to Eleventh

Amendment immunity.  To the extent this claim under sections 1983 and 1985 includes the

California Superior Court, defendant is correct.  See Greater Los Angeles Council on Deafness, Inc.

United States District Court

For the Northern District of California

1    v. Zolin, 812 F.2d 1103, 1110 (9th Cir. 1987); Simmons v. Sacramento County Superior Court, 318

2    F.3d 1156, 1161(9th Cir. 2003)("Plaintiff cannot state a claim against the Sacramento County

3    Superior Court (or its employees), because such suits are barred by the Eleventh Amendment.")

4    Eleventh Amendment immunity does not bar a claim against the County of Marin.  Mt. Healthy City

5    School Dist. Board of Educ. v. Doyle, 429 U.S. 274, 280 (1977).

6           Since plaintiff has advised that she is not pursuing the Superior Court on the eighth cause of

7    action, these claims against the Court will be dismissed.  As to the individual defendants, plaintiff

8    sues them only in their individual capacity.  Plaintiff, in fact, has alleged only individual capacity in

9    her complaint and makes no mention of official capacity.  It is preferable to rely on the assertions of

10   the plaintiff when determining if an individual is sued in his official or individual capacity.  Hafer v.

11   Melo, 502 U.S. 21, 24 n.8 (1991).  Here, plaintiff plainly alleges that individual defendants acted

12   under color of law.  See, e.g., Compl. ¶ 5 ("[f]or purposes of the cause of action under the Civil

13   Rights Act, defendant Olsen is being sued in his individual capacity under color of law.").

14          Nonetheless, it is important to examine these claims in light of the roles of the State and the

15   individual defendants as officials of the State in their official capacity.  Defendants appear to be

16   operating under some confusion in this respect.  See, e.g., Gean v. Hattaway, 330 F.3d 758,765-66

17   (6th Cir. 2003)("it is helpful to review the difference between official-capacity suits and individual-

18   capacity suits against state officials").  Defendant cites as authority for its position the seminal case

19   of Will v. Michigan Dept. of State Police, 491 U.S. 58 (1989).  However, Will does not shield from

20   liability public officials in their *individual* capacities, who are considered 'persons' for the purposes

21   of suits brought under § 1983, even when they are carrying out government functions." Id.  This was

22   made clear by the Supreme Court two years later in Hafer, which held that "to establish *personal*

23   liability in a § 1983 action, it is enough to show that the official, acting under state law, caused the

24   deprivation of a federal right." 502 U.S. at 25 (emphasis included).

25          An individual acts "under color of law" when he misuses power "possessed by virtue of state

26   law and made possible only because the wrongdoer is clothed with the authority of state law." West

27   v. Atkins, 487 U.S. 42, 49 (1988).  "For conduct to relate to state authority, it must bear some

28   similarity to the nature of the powers and duties assigned to the defendants." Vang v. Toyed, 944

1  F.2d 476, 480 (9th Cir. 1991), <u>citing</u> <u>Murphy v. Chicago Transit Authority</u>, 638 F. Supp. 464, 467

2  (N.D. Ill. 1986).  Individual defendants argue that the only way each could be acting under color of

3  law is to be acting in his or her official capacity.  In so doing, individual defendants ask the court to

4  make a factual determination that is beyond the purview of a motion to dismiss under 12(b)(6).  "A

5  functional approach governs the eleventh amendment's application to actions for money damages

6  against state officials."  <u>Greater Los Angeles</u>, 812 F.2d at 1110 (suggesting each case must be

7  decided on its own facts and not merely on the pleadings).

8      Because the court accepts as true all factual allegations, <u>see</u> <u>Cahill</u>, 80 F.3d at 337-38, the

9  court accepts as true that the individuals are being sued as individuals acting under color of law.

10  However, the claims for sections 1983 and 1985 as they pertain to the individuals and the County of

11  Marin need to be redrafted to provide the necessary detail as to each party's involvement and as to

12  each constitutional basis for which the claim is being make.  Therefore, they will be DISMISSED

13  with leave to amend.

14  .                     (ii).      <u>Contractual Responsibility under 1981</u>

15      Individual defendants argue that because California state employment is governed by statute

16  and not contract, section 1981 does not apply.  Plaintiff is seeking redress for individual defendants'

17  alleged interference with plaintiff's contractual right not to be terminated or disciplined except for

18  with good cause.

19      Section 1981 "guarantees 'all persons' the right to 'make and enforce contracts.'"  <u>Johnson v.</u>

20  <u>Riverside Healthcare Sys., LP</u>, 534 F.3d 1116, 1122 (9th Cir. 2008), <u>quoting</u> 42 U.S.C. § 1981(a).

21  "This right includes the right to the 'enjoyment of all benefits, privileges, terms, and conditions of the

22  contractual relationship[.]'"  <u>Id.</u>, <u>quoting</u> 42 U.S.C. § 1981(b).  A section 1981 claim "must initially

23  identify an impaired 'contractual relationship' . . . under which the plaintiff has rights."  <u>Domino's</u>

24  <u>Pizza, Inc. v. McDonald</u>, 546 U.S. 470, 476 (2006).

25      Generally speaking, public employment in California is held by statute, not by contract.

26  <u>Shoemaker v. Myers</u>, 52 Cal. 3d 1, 23 (1990).  The California Supreme Court has held, however, that

27  some aspects of a public employee's employment are nonetheless protected by the contract clause.

28

1   See White v. Davis, 30 Cal. 4th 528, 564-65 (2003) (holding that a public employee has a contractual

2   right to the payment of an earned salary).

3        In Judie v. Hamilton, the Ninth Circuit developed a test for determining if an employee's

4   relationship was contractual.  872 F.2d 919, 922 (9th Cir. 1989).  This test involves three steps: (1)

5   examining federal law for applicable instructions on interpretation; and, if no such statute exists, (2)

6   examining state common law for applicable instructions and if such law exists (3) applying that law

7   as long as there is no conflict with other federal statutes or the United States Constitution.  Id.  In

8   Judie, the plaintiff alleged that, due to discrimination, he was unable to perform supervisory duties

9   listed in his job description.  Id.  The Ninth Circuit held that the civil rights statutes are of no help in

10  interpreting contractual law.  Id. at 923.  Turning to Washington state law, the Ninth Circuit found

11  that under state common law, a state employee's job description did not create a contractual

12  relationship.  Id.  Under the third prong, the court found there was no inconsistency between this and

13  the civil rights laws.  Id.  Therefore, the Ninth Circuit held that the plaintiff's claim was barred

14  because there was no contractual relationship.  Id.

15       The first prong of the Judie analysis remains the same, since this case also concerns section

16  1981.  The second and third prongs of the Judie analysis are only slightly different.  Under the

17  reasoning of White, state employee hiring and promotion can be governed by contract; termination

18  and discipline only in good faith embody similar principles.  Termination, as the end of employment,

19  is just as important an employment matter as hiring and promotion.  The "make and enforce"

20  provision of section 1981(b) places termination alongside the making and performance of the

21  contractual relationship.  See 42 U.S.C. section 1981 ("For purposes of this section, the term 'make

22  and enforce contracts' includes the making, performance, modification, and termination of contracts,

23  and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.")

24  The third prong of the Judie test then falls into place, since allowing a contractual violation claim

25  based on termination and discipline also is in accord with federal policy preventing discrimination in

26  employment.

27       Because allegations of unfair practices in termination and discipline, under the guidance of

28  White, are governed as a contractual matter, plaintiff may assert a section 1981 claim against the

United States District Court
For the Northern District of California

United States District Court

For the Northern District of California

1  County of Marin if it was her employer.  However, if her employer was the Superior Court, plaintiff's

2  claim is barred for two reasons.  First of all, the California Superior Court, as explained above, is

3  treated as a state entity, and thus her claim is barred by eleventh amendment immunity..  See Greater

4  Los Angeles, 812 F.2d at 1110 ("We conclude that a suit against the Superior Court is a suit against

5  the State...."); Simmons v. Sacramento County Superior Court, 318 F.3d at 1156, 1161 (9th Cir.

6  2003).  Secondly and equally fundamentally this Circuit has held that section 1981, as amended in

7  1991, does not create a private right of action or remedy against the states.  Pittman v. Oregon,

8  Employment Dept., 509 F.3d 1065 (9th Cir. 2007).

9         Pittman raises additional questions with respect to the individual defendants not

10 addressed by the parties.  But, before turning to this issue, the court notes that it is clear from the

11 complaint that the individual defendants are sued in their individual capacity on this claim as well.

12 Thus, with respect to the question of capacity the discussion above under sections 1983 and 1985

13 pertains here.  It is also clear that any "contractual" relationship under section 1981 is with the

14 employer, not with other employees.  However, other non-employer persons may be individually

15 liable under section 1981 if there is some personal involvement in the discriminatory actions taken by

16 the employer.  See Jett v. Dallas Indep. Sch. Dist., 491 U.S. 701 (1989) (permitting individual

17 liability under section 1981pre-1991 amendments); Whidbee v. Garzarelli Food Specialties, Inc., 223

18 F.3d 62, 75 (2d Cir. 2000); Bellows v. Amoco Oil Co., 118 F.3d 268, 274 (5th Cir. 1997); Allen v.

19 Denver Pub. Sch. Bd., 928 F.2d 978, 983 (10th Cir. 1991); Jones v. Cont'l Corp., 789 F.2d 1225,

20 1231 (6th Cir. 1986) ; Musikiwamba v. ESSI, Inc., 760 F.2d 740, 753 (7th Cir. 1985);Santos v.

21 Merritt College, No.C 07-5227 EMC,  2008 WL 131696, *2 (N.D.Cal. Jan. 11, 2008); Bruin v. Mills

22 College,  No.C 06-05209 WHA, 2007 WL 419783, *2 (N.D.Cal. Feb. 6, 2007).

23        The first amended complaint is deficient in this respect.  If plaintiff is able to pursue this claim

24 against the individual defendants she must allege specific facts as to each defendant's actions and

25 how they relate to the discriminatory acts of which she complains.

26        Whether plaintiff's employer is the Superior Court or the County of Marin is critical to the

27 remaining question under Pittman.  Since Pittman has made clear that there is no right of private

28 action against the state and its agencies under section 1981, it follows that there could not be a claim

against other state employees under section 1981. Indeed, if, as the Ninth Circuit states, Congress did not intend "to provide a remedy for violations of § 1981 by arms of the state" it is questionable whether any persons involved with the deprivation of rights by a state or state agency could be held liable under section 1981. <u>Pittman</u>, 509 F.3d at 1074. <u>Pittman</u> goes beyond eleventh amendment immunity and the issues of official and individual capacity. It goes to whether there is even a cause of action under section1981. The Ninth Circuit has not spoken on the issue of non-employer liability of other state employees and only a handful of district courts have reached it. <u>See</u> <u>Mountain Forestry, Inc. v. Oregon Dept. Of Forestry</u>, No. 06-1082-AC, 2008 WL 2388667, *14 (D. Or. June 10, 2008) (finding in light of <u>Pittman</u> that a section 1981 claim cannot be stated against "state actors"); <u>but see</u> <u>Santos v. Merritt College</u>, 2008 WL 131696 at *2.

If plaintiff is an employee of the Superior Court rather than the County, it is questionable whether she can sue the individual defendants under section 1981 even if she remedies the deficient allegations of the complaint. As a part of this order the court will direct the parties to brief this issue. In accordance with the foregoing, the section 1981 claim is DISMISSED as to the Superior Court. The motion is GRANTED with leave to amend as to the remaining defendants based on the need for more particularized allegations as described above; thereafter it will be held in abeyance as to the individual defendants pending further briefing.

<div align="center">(iii).   Government Immunity</div>

As a universal argument applying to all three civil rights statutes, individual defendants claim immunity from violations of plaintiff's federal civil rights because as California public employees, they have immunity for discretionary acts under California Government Code section 820.2. As the Ninth Circuit concisely stated: "State statutory immunity provisions do not apply to federal civil rights actions." <u>Guillory v. Orange County</u>, 731 F.2d 1379, 1382 (9th Cir. 1984). There, the court further explained, "[t]o construe a federal statute to allow a state immunity defense 'to have controlling effect would transmute a basic guarantee into an illusory promise,' which the supremacy clause does not allow." <u>Id.</u>, <u>citing</u> <u>Martinez v. California</u>, 444 U.S. 277, 284 n.8 (1980). Under this unequivocal statement, individual defendants do not have immunity under section 820.2 for violations of sections 1981, 1983 and 1985.

United States District Court
For the Northern District of California

1

2

3                              (iv).  Summary of Civil Rights Claims

4          The section 1981, 1983 and 1985 claims are dismissed as against the Superior Court.  With

5   respect to the County of Marin and the individual defendants' motion to dismiss it is GRANTED with

6   leave to amend.  The section 1983 and 1985 claims are in serious need of repleading so that each

7   claim under the respective section as to each defendant is stated separately and the actions of each are

8   spelled out.  Paragraph 83 contains a litany of federal constitutional claims.  They cannot be lumped

9   together and satisfy the Twombly and Iqbal pleading standards.  In repleading plaintiff will need to

10  be selective and specific.  She should also make sure that her pleading of these claims is consistent

11  with other rulings in this order, e.g.,claim eleven.

12         The section 1981 claims shall be repled as to the County of Marin and the individual

13  defendants, but as to the latter this claim will be held in abeyance until further briefing as explained

14  above.

15         D.       Federal Medical Leave Act claims

16         The ninth cause of action, brought against all defendants, alleges violations of the FMLA, 29

17  U.S.C. section 2601 et seq..  Defendants claim immunity from this claim because as a state entity and

18  public employees, each has immunity for discretionary acts under California Government Code

19  sections 815.2(b) and 820.2.  Defendants argue that this code applies because "federal courts

20  exercising pendant or diversity jurisdiction must apply state law to matters of substantive law."

21  Timmerman v. Modern Indus., Inc., 960 F.2d 692, 696 (7th Cir. 1992).

22         Defendants are incorrect for two reasons.  First, as discussed above, state statutory immunity

23  does not apply against federal statutes.  See, e.g., Guillory, 731 F.2d at 1382; Ex Parte Young, 209

24  U.S. 123, 159-60 (1908) (explaining, in the Eleventh Amendment context, that "[t]he State has no

25  power to impart . . . any immunity from responsibility to the supreme authority of the United

26  States.").  To allow a state to grant statutory immunity to any federal law would contravene the

27  Supremacy Clause.  Second, even were this not true, defendants' contention regarding the

28

13

**United States District Court**
For the Northern District of California

1  applicability of state law to this claim is misplaced.  Any claim arising under the FMLA is a federal

2  claim and state law does not apply.

3        The parties' FMLA arguments are made all the more curious by their failure to even mention

4  <u>Nevada Dept. of Human Resources v. Hibbs</u>, 538 U.S. 721 (2003), in which the Supreme Court

5  applied the FMLA to the states, finding that Congress abrogated the states' Eleventh Amendment

6  Immunity in enacting the FMLA.  <u>Hibbs</u> discusses at length the variances and gaps in the various

7  states' family leave laws and the reasons for finding Congressional intent to abrogate the states'

8  immunity from suit in federal court.  Against this background, it defies logic and common sense that

9  claims under the FMLA would be barred by the immunity laws of these very states.

10        For all of the above reasons, defendants' motion to dismiss the FMLA claim on state

11  immunity grounds is wholly without merit and DENIED.

12               <u>E.</u>    <u>California Family Rights Act claims</u>

13        The tenth cause of action, brought against the Superior Court, alleges medical leave

14  discrimination, in violation of CFRA, California Government Code section 12945.1 <u>et seq.</u>.

15  Defendants argue that plaintiff failed to exhaust her administrative remedies to bring a claim for

16  denial of medical leave under CFRA.  Plaintiff argues that her statement of retaliation in her DFEH

17  complaint encompasses violations of CFRA.  Defendants contend that plaintiff's failure to check the

18  box that she was "denied family or medical leave" prevails and generalized allegations of

19  "retaliation" based on plaintiff's "race/color," "national origin/ancestry" and "physical disability" are

20  not sufficiently "like or related to" her instant claim of CFRA discrimination.  The court agrees.

21        As discussed <u>supra</u> in section IA,  a plaintiff must exhaust her administrative remedies in

22  order to bring a claim in court.  <u>See</u> Cal. Gov't Code § 12960.  A civil claim meets the exhaustion of

23  remedies requirement if it is "like or reasonably related to" the administrative charge.  <u>Sosa</u>, 920 F.2d

24  at 1458.

25        Cal. Gov't Code section 12945.2(a) provides:

26      "[i]t shall be an unlawful employment practice for any employer, as defined in
    paragraph (2) of subdivision (c), to refuse to grant a request by any employee with

27      more than 12 months of service with the employer, and who has at least 1,250 hours
    of service with the employer during the previous 12-month period, to take up to a

28      total of 12 workweeks in any 12-month period for family care and medical leave.

**United States District Court**
For the Northern District of California

1

2    Contrary to plaintiff's characterization, CFRA in its plain language covers only a refusal to

3   grant a request for medical leave.  Plaintiff's later assertion in the instant complaint that, as part of the

4   retaliation, her use of sick leave was "interfered with" (see Compl. ¶ 38) does not rectify her earlier

5   failure to claim that she was refused a request for family care and medical leave.  Plaintiff's DFEH

6   complaint neither alleged a denial of medical leave nor any other claim that was "like or reasonably

7   related to" her instant claim of CFRA discrimination.  See Okoli, 36 Cal. App. 4th at 1615  (a

8   complaint cannot be expanded to add a new basis for the alleged discrimination not present in the

9   initial charge).  Plaintiff's failure to allege a denial or refusal to grant family care and medical leave is

10   a jurisdictional, not a procedural defect.  See Martin v. Lockheed Missiles & Space Co., 29

11   Cal.App.4th 1718, 1724 (1994).  Accordingly, the exhaustion of remedies doctrine bars plaintiff's

12   tenth cause of action and defendants' motion to dismiss is **GRANTED**.[4]

13      F.    California Constitutional Violations

14      The eleventh cause of action, brought against the Superior Court, alleges violations of

15   plaintiff's due process and property rights, as well as her rights to privacy, freedom of speech and

16   equal protection, in violation of the California Constitution, Article I.  The Superior Court argues that

17   plaintiff has not pled enough facts to support plaintiff's allegations of violations of plaintiff's right to

18   privacy, equal protection and free speech.

19      While the pleading standard laid out in Federal Rule of Civil Procedure 8 has been

20   characterized as an extremely liberal pleading standard, it is not without some requirements.

21   Twombly and Iqbal make it clear that more is needed than the conclusory allegations asserted in

22   claim eleven.  Once again, plaintiff lumps together all of her constitutional claims without the

23   necessary facts to support each of them, leaving it to the court to sort through paragraphs 1 to 100 of

24   the complaint to match facts to claims.  This court will not do.  Plaintiff's conclusory, legal

25   allegations with unwarranted deductions of fact are insufficient to support her claims asserted in these

26   causes of action.  See Sprewell, 266 F.3d at 988; Clegg, 18 F.3d at 754-55.  While plaintiff may be

27   able to allege sufficient facts to meet the plausibility standard of Twombly and Iqbal insofar as she

28   claims violations of her rights to privacy, due process, property and equal protection, it is doubtful

1   she can do so as to her freedom of speech claim.  There are no facts alleged in the complaint that

2   would even come close to supporting this claim.  In an employment context, plaintiff's speech is only

3   protected if she spoke as a citizen on a matter of public concern.  Garcetti v. Ceballos, 547 U.S. 410,

4   418 (2006) (noting that the First Amendment does not "empower [public employees] to

5   'constitutionalize the employee grievance.'")  Id. at 420.  Plaintiff's asserted speech as currently

6   alleged does not rise to the level of a "public concern."

7       In summary, plaintiff combines at least four alleged violations of the California Constitution

8   into one cause of action.  The Superior Court's motion to dismiss the eleventh cause of action for

9   equal protection violations is **GRANTED** with leave to amend in accordance with the foregoing as to

10  all claims except the freedom of speech claim which is **GRANTED** without leave to amend.[5]

11      G.      Fair Labor Standards Act claim

12      The thirteenth cause of action, brought against the Superior Court, alleges discrimination and

13  retaliation as an FLSA violation.  29 U.S.C. section 215.  Defendant argues that section 215 of the

14  FLSA is inapplicable to this case because plaintiff's internal complaint concerned sick leave, for

15  which there is no provision in the FLSA.  Section 215(a)(3) provides that it is unlawful "[t]o

16  discharge or in any manner discriminate against any employee because such employee has filed any

17  complaint or instituted or caused to be instituted any proceeding under or related to this act."  29

18  U.S.C. § 215(a)(3).

19      The FLSA covers wage and hour violations and is intended as a "remedial statute."  Lambert

20  v. Ackerley, 180 F.3d 997,1007 (9th Cir. 1990).  FLSA must "not be interpreted or applied in a

21  narrow, grudging manner."  Id. at 1003, citing Tenn. Coal, Iron & R. Co. v. Muscoda Local No. 123,

22  321 U.S. 590, 597 (1944).  Section 215 was enacted to ensure that employees who lodge complaints

23  could do so free of fear of economic retaliation.  Mitchell v. Robert DeMario Jewelry, Inc., 361 U.S.

24  288, 292-93 (1960).

25      The internal complaint at issue concerned allegations of harassment and discrimination in

26  response to plaintiff's taking sick leave.  Sick leave is not explicitly covered under the FLSA.  FLSA

27  cases concern, by and large, monetary compensation, or other compensation only insofar as it can be

28  translated into monetary compensation.  See, e.g., Lambert, 180 F.3d at 1010 (concerning overtime

compensation); <u>Acton v. City of Columbia</u>, 436 F.3d 969 (8th Cir. 2006) (holding that sick leave "buy back" monies should be included in employee's regular rate of pay under FLSA) <u>reh'g denied</u>; <u>cf.</u> <u>Featsent v. City of Youngstown</u>, 70 F.2d 1456 (6th Cir. 1995) (holding that sick leave "buy back" monies should not be included in an employee's regular rate of pay under FLSA). From the available cases, interference with the sick leave claim alleged here does not "relate to" the FLSA. Accordingly, harassment and discrimination as a result of taking sick leave would also not be "related to" the FLSA.

Based on the complaint as filed, the court does not believe that plaintiff can allege any facts that would bring her internal complaint concerning harassment and discrimination in response to her taking sick leave within the purview of section 215. Even if plaintiff's internal complaint could be construed to be a complaint about "interference with" sick leave, which was not alleged until after she filed her instant complaint (<u>see</u> Compl. ¶ 38), such allegations are still not under or related to the FLSA. Accordingly, the Superior Court's motion to dismiss plaintiff's thirteenth cause of action is **GRANTED** without leave to amend.

## II.    Motion for More Definite Statement (Rule 12(e))

Individual defendants argue that plaintiff has not set forth the actionable individual conduct in which each named defendant allegedly engaged. Defendants argue that in order to properly frame an answer, they will need to know how each defendant personally violated plaintiff's civil rights, what other adverse actions defendants allegedly took, what reasonable accommodation The Superior Court allegedly failed to provide, and the names of the other employees against whom defendants allegedly discriminated.

Pursuant to Federal Rule of Civil Procedure 12(e), a plaintiff is required to make a more definite statement of his claim where the pleading is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading thereto. Fed. R. Civ. P. 12(e). "[T]he proper test in evaluating a motion under Rule 12(e) is whether the complaint provides the defendant with a sufficient basis to frame his responsive pleadings." <u>Federal Sav. and Loan Ins. Corp. v. Musacchio</u>, 695 F.Supp. 1053, 1060 (N.D. Cal.1988). "It is well-established . . . that a motion for a more definite statement attacks unintelligibility in a pleading, not a mere lack of detail." <u>Campos v. S.F. State</u>

United States District Court
For the Northern District of California

1  <u>Univ.</u>, 1999 WL 1201809 at *8 (N.D. Cal. June 26, 1998) (Chesney, J.).  Therefore, a "motion for a

2  more definite statement should be granted only where the complaint is so indefinite that defendant

3  cannot ascertain the nature of the claim being asserted and therefore cannot reasonably be expected to

4  frame an appropriate response."  <u>City of Oakland v. Keep on Trucking Co.</u>, 1998 WL 470465 at *1

5  (N.D. Cal. July 30, 1998) (Breyer, J.).  <u>See also</u> <u>Simpson v. Martin, Ryan, Andrada & Lifter</u>, 1997

6  WL 542701 at *2 (N.D. Cal. Aug. 26, 1997) (Smith, J.) (stating "[t]he Court must deny the motion if

7  the complaint is specific enough to apprise defendant of the substance of the claim being asserted").

8          To sue a defendant in an individual capacity acting under color of law under section 1983, a

9  plaintiff "must allege facts, not simply conclusions, that show that an individual was personally

10 involved in the deprivation of his civil rights."  <u>Barren v. Harrington</u>, 152 F.3d 1193, 1194 (9th Cir.

11 1998).  Plaintiff alleges that she endured at least twelve different types of discrimination and

12 harassment, but provides virtually no detail specifically as to each defendant..

13         Insofar as plaintiff has failed to allege enough detail for the defendants to adequately respond

14 to the civil rights violations, defendants' motion for a more definite statement is **GRANTED** as to the

15 eighth cause of action.  As to defendants' other requests to provide more detail regarding what other

16 adverse actions defendants allegedly took, the reasonable accommodations The Superior Court

17 allegedly failed to provide, and the names of the other employees against whom defendants allegedly

18 discriminated, defendants' motion for a more definite statement is **DENIED**.

19 <u>III.</u>    <u>Motion to Strike (Rule 12(f))</u>

20         Defendants urge the court to grant a motion to strike plaintiff's references to "medical

21 condition," "perceived disability," "other adverse actions" and "other employees."

22         Courts "may strike from a pleading an insufficient defense or any redundant, immaterial,

23 impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).  Motions to strike under Rule 12(f) allow

24 parties "to avoid the expenditure of time and money that must arise from litigating spurious issues by

25 dispensing with those issues prior to trial."  <u>Fantasy, Inc. v. Fogerty</u>, 984 F.2d 1524, 1527 (9th Cir.

26 1993).  Motions to strike are disfavored and "should not be granted unless the matter to be stricken

27 clearly could have no possible bearing on the subject of the litigation . . . .  If there is any doubt

28 whether the portion to be stricken might bear on an issue in the litigation, the court should deny the

1   motion." <u>Platte Anchor Bolt, Inc. v. IHI, Inc.</u>, 352 F. Supp. 2d 1048, 1057 (N.D. Cal. 2004) (Walker,

2   J.).

3          While plaintiff's allegations concerning other employees sounds more like class action

4   allegations, the court does not find that the materials are redundant, impertinent, or scandalous.

5   Furthermore, those matters might bear on an issue in the litigation.  Accordingly, defendants' motion

6   to strike is **DENIED**.

7

8   <u>CONCLUSION</u>

9          Defendants' motion to dismiss is GRANTED in part and DENIED in part.  The Superior

10  Court's motions to dismiss the eighth, tenth, and thirteenth causes of action are GRANTED without

11  leave to amend; and the motion as to the eleventh cause of action is GRANTED with leave to amend

12  consistent with this order except as to the freedom of speech claim for which leave is not granted.

13  The County of Marin's and the individual defendants' motions to dismiss the eighth cause of action

14  on the sections 1981, 1983 and 1985 claims are GRANTED with leave to amend consistent with this

15  order, except that thereafter the 1981 claim will be held in abeyance pending further briefing as

16  discussed in Part C (ii).

17         The Superior Court's motions to dismiss the third, fifth, sixth, seventh, and ninth causes of

18  action are DENIED. The County of Marin's and the individual defendants' motions to dismiss the

19  ninth cause of action are DENIED.

20         Defendants' motion for a more definite statement is GRANTED in part and DENIED in part.

21  It is GRANTED in part with respect to clarifying individual defendants' actions for the purposes of

22  the civil rights violations under the eighth cause of action.  Plaintiff is ordered to separately allege

23  each claim under sections 1981, 1983 and 1985 with specific allegations against the individual

24  defendants consistent with this order..  The motion for a more definite statement is otherwise

25  DENIED.

26         Defendants' motion to strike is DENIED.

27         The parties shall also comply with the instructions in Part B of this order unless they stipulate

28  with respect to the issuance of the right-to-sue letter.

**United States District Court**
For the Northern District of California

**United States District Court**
For the Northern District of California

1    There are other critical issues that need to be addressed.  The first is the "employer" issue.

2    Who was plaintiff's employer during her tenure at the Superior Court?  Throughout her complaint

3    plaintiff alleges that she and the individual defendants were employees of the "Marin County

4    Superior Court".  Plaintiff then asserts that the Court "is part of the County of Marin" and that

5    "[d]efendants are not arms of the state".  Complt. ¶ 20.  This assertion is doubtful in light of <u>Simmons</u>

6    <u>v. Sacramento Co. Sup. Ct.</u>, 318 F.3d at 1161.  This issue and the resulting <u>Pittman</u> issue regarding

7    the individual defendants will need to be addressed at an early stage of these proceedings.

8    Finally, the court understands that defendant Toby Olsen is deceased.  The parties will need to

9    determine how they will proceed with respect to him and what filings may be necessary as a result.

10   This order contemplates an amended complaint consistent with this order and that complaint should

11   reflect this determination.  The amended complaint in accordance with this order shall be filed within

12   thirty (30) days of this order and the answer shall be filed within thirty (30) days thereafter.  No

13   further motions to dismiss shall be filed, only motions for summary judgment or partial summary

14   judgment..  The "employer" and the section 1981 issues  may be addressed in this fashion or upon

15   briefing the issues upon an appropriately developed record.

16   A further case management conference is set for Monday, September 14, 2009 at 3:00 pm for

17   scheduling the issues and other matters.  A joint statement shall be filed on or before September 7,

18   2009.

19

20   IT IS SO ORDERED.

21

22   Dated: July 7, 2009

23   MARILYN HALL PATEL
     United States District Court Judge
     Northern District of California

24

25

26

27

28

**ENDNOTES**

1. While the court accepts as true the allegations made in the complaint for the purposes of the instant motion, the court notes an inconsistency with regard to plaintiff's termination date. The complaint states the termination date was July 30, 2007, whereas the Complaint of Discrimination under the Provisions of the California Fair Employment and Housing Act states August 13, 2007. Compare Compl. ¶ 42 with Defendants' Request for Judicial Notice ("Request"), Docket No. 26, Exh. A.

2. The court takes judicial notice of the contents of the DFEH complaint, the letter of termination, and the EEOC filing. See Intri-Plex Techs., Inc. v. Crest Group, Inc., 499 F.3d 1048, 1052 (9th Cir. 2007) (court may take judicial notice of facts not reasonably subject to dispute, either because they are generally known, are matters of public record or are capable of accurate and ready determination). See Request, Exhs. A-C.

3. Section 1983 and 1985 use the same definition of "persons." See, e.g., Veres v. County of Monroe, 364 F. Supp. 1327 (E.D. Mich. 1973) aff'd. 542 F.2d 1177 (6th Cir. 1976). Accordingly, while section 1983 cases are used as the illustrative example, the same case law analysis applies to section 1985.

4. Defendants' additional argument, raised in a footnote, that California Government Code section 820.2 provides immunity against a CFRA claim, is thereby rendered moot. The court advises defendants, however, that it does not consider arguments raised in footnotes. If the argument is worthy, it must be addressed in the body of the memorandum like any other serious argument. That the immunity was claimed elsewhere does not abrogate defendant's duty to raise it clearly in each instance it is being asserted.

5. Accordingly, defendants' request for a more definite statement or a motion to strike the violations of privacy and free speech is moot and will not be addressed.